### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL R. GOLDSTEIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AETNA LIFE INSURANCE CO. and )<br>SANOFI-AVENTIS U.S. LLC, )<br>)<br>Defendants. ) | Civil Action No. 19-2188-CFC-SRF |

### MEMORANDUM ORDER

At Wilmington this **3rd** day of **February, 2021**, having considered the MOTION to Seal Portions of Defendants Administrative Record pursuant to Fed. R. Civ. P. 5.2 and D. Del. LR 5.1.3, filed by Aetna Life Insurance Company ("Aetna") and Sanofi-Aventis U.S. LLC ("Sanofi," together with Aetna, "Defendants") (D.I. 17), the accompanying documents (D.I. 16, D.I. 17, Ex. 1), and plaintiff Paul R. Goldstein's ("Mr. Goldstein") response thereto (D.I. 22), IT IS HEREBY ORDERED THAT Defendants' motion (D.I. 17) is GRANTED for the reasons set forth below:

**1.    Background.**  On November 25, 2019, Mr. Goldstein filed a complaint against Aetna and Sanofi seeking relief pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA").  (D.I. 1)

**2.**    On June 30, 2020, the court so ordered the parties' stipulated protective order, which prevents the filing of any document containing confidential information except as provided for by Fed. R. Civ. P. 5.2 and D. Del. LR 5.1.3.  (*See* D.I. 12 at ¶ 12)

3. On July 10, 2020, Defendants filed the present motion. (D.I. 17) That same day, Defendants also filed the portions of the administrative record that are the subject of the pending motion as an exhibit under seal. (D.I. 16)

4. On July 16, 2020, Defendants filed a redacted but not sealed version of the portions of the administrative record that are the subject of the pending motion. (D.I. 20)

5. Pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 5.1.3, Defendants' motion seeks the court's approval to file under seal portions of the administrative record, identified as "AETNA/GOLDSTEIN-000123 through AETNA/GOLDSTEIN-000641," which contain confidential and proprietary information and the personal and health care-related information of Mr. Goldstein and his wife, Marsha Goldstein. (D.I. 17 at 1)

6. **Legal standard.** "The court may order that a filing be made under seal without redaction." Fed. R. Civ. P. 5.2(d). "The party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

7. **Analysis.** The court finds that Defendants have met their burden to show that good cause exists to file portions of the administrative record under seal because the presumptive interest in public access to judicial records is outweighed by the privacy interests implicated by the fact that the portions of the record subject to this motion contain, among other things, highly sensitive medical information and personal identifiers. *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)); *Everett v. Nort*, 547 F. App'x. 117, 122 n. 9 (3d Cir. 2013) (recognizing "the important

privacy interest in one's medical records"); *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 752 (D. Del. 2018) ("Where materials contain personal identifiers, paired with confidential medical information, the potential risk to privacy interests in disclosure is self-evident.").

    **8.**    **Conclusion.**  For the foregoing reasons, IT IS HEREBY ORDERED THAT Aetna's motion to seal (D.I. 17) is GRANTED.

    **9.**    This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a).  The objections and responses to the objections are limited to ten (10) pages each.

    **10.**    The parties are directed to the court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

    _____
    Sherry R. Fallon
    United States Magistrate Judge